UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID PALLIES,

               Plaintiff,

     v.

THE BOEING COMPANY,
a Delaware corporation,

               Defendant.

Case No.: **2:16-cv-1437**

COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, David Pallies, by and through his attorneys, and alleges as follows:

## I. PARTIES

1.1   Plaintiff is a citizen of the United States.  At all times material to this action Plaintiff was a permanent resident in Snohomish County, Washington.

1.2   Upon information and belief, Defendant the Boeing Company is a Delaware Corporation.

COMPLAINT- 1

BEAN LAW GROUP
2200 6TH Ave, Ste 835
Seattle, WA 98121
(206) 522-0618

1.3    The Boeing Company's registered agent in Washington is Corporation Service Company, located at 1010 Union Ave. SE in Olympia, WA 98501.

## II. JURISDICTION AND VENUE

2.1    All acts and omissions complained of herein occurred in Snohomish County, Washington.

2.2    Plaintiff has acquired a "right to sue" letter from the EEOC. Plaintiff has timely filed this complaint.

2.3    This court has jurisdiction pursuant to 28 U.S.C. §1331. This court also has jurisdiction pursuant to 28 U.S.C. § 1332(a)(3) as Boeing is a Delaware corporation headquartered in Illinois. The amount in controversy exceeds $75,000.00.

## III. FACTS AND CIRCUMSTANCES

The following factual allegations are not intended to be exhaustive in nature and are written solely to provide notice to the Defendant of the general nature of Plaintiff's complaint.

3.1    Plaintiff was employed by the Defendant from approximately December 3, 2010 until he was medically laid off January 13, 2016.

3.2    Plaintiff was originally hired as a "hook tender", operating cranes.

3.3    Plaintiff suffers from Hereditary Sensory Neuropathy, Type IA aka "HSN Type 1A". Plaintiff first began experiencing symptoms in 2012. He was first given the general diagnosis of Charcot-Marie-Toothe Disease 2013 aka "CMT". Plaintiff was specifically diagnosed with HSN Type 1A in 2015.

3.4    The same day he received his Charcot-Marie-Toothe diagnosis, Plaintiff informed his management (Steve Lynch and Brandon Cowell) of the diagnosis.

COMPLAINT- 2

BEAN LAW GROUP
2200 6TH Ave, Ste 835
Seattle, WA 98121
(206) 522-0618

3.5   In June 2014, when Plaintiff was still working as a hook tender, a position in dispatch became available. Plaintiff requested to be transferred into the position because of his medical condition.  At that point in time, he told him that his medical condition was degenerative and this would be a good position for him to remain employed at Boeing. Plaintiff started working in dispatch in early July 2014.

3.6   After thirty days in the position, Plaintiff met with his managers.   He specifically told them he felt the position was good for him due to his degenerative condition.  Cowell indicated that he wanted to place Plaintiff in the position on a permanent basis because things were going well.

3.7   In approximately October 2014, Plaintiff spoke with his second-level manager, Kenneth White, about a rumor that Plaintiff had heard that he would be replaced by another employee who had suffered a heart attack.  White told Plaintiff that he was working with the Disabilities Management Representative regarding that employee.   Plaintiff told him that he needed to stay in the dispatch position because of his medical condition.  White told him not to worry and to keep doing his job, and that he would take care of the situation.

3.8   Plaintiff had several discussions with White in October, November and December 2014 where Plaintiff discussed his medical condition, his move to the dispatcher position, and Plaintiff's coworker who had suffered the heart attack.  In these meetings, White repeatedly assured Plaintiff that he would take care of Plaintiff and that Plaintiff was doing an "excellent job" as a dispatcher.

3.9   In December 2014, Plaintiff again approached White about his position because he continued to hear rumors that he would be replaced by the other employee.  At

COMPLAINT- 3

that time, White advised Plaintiff not to request accommodations because that would

jeopardize his ability to return to work as a hook tender.   He told Plaintiff that bringing up

his medical condition would be "slitting his own throat".

3.10  In approximately January 2015, Plaintiff was removed from the dispatcher

position and he was transferred back to the hook tender position.

3.11  In September 2016, Plaintiff's condition deteriorated to the point that he was

medically unable to work as a hook tender.

3.12  Plaintiff was medically laid off from Boeing. At no point did Boeing place or

reinstate Plaintiff into a position where he could work.

### IV.     AMERICANS WITH DISABILITIES ACT

4.0    Plaintiff realleges and incorporates by reference paragraphs 1.1 – 3.11

4.1    Boeing is an employer as defined by 42 U.S.C. §12111(5).

4.2    Plaintiff's medical condition, HSNT1a is a disability covered under the ADA.

42 U.S.C. §12102(1).

4.3    Defendant discriminated against and failed to accommodate Plaintiff by

moving Plaintiff from the dispatch position back to the hook tender position and by not

placing Plaintiff in a new position within Boeing.   42 U.S.C. §12112(a) and (b).

4.4    Defendant failed to engage in the interactive process in good faith.

### V. WASHINGTON'S LAW AGAINST DISCRIMINATION

5.0    Plaintiff realleges and incorporates by references paragraphs 1-III.

COMPLAINT- 4

BEAN LAW GROUP
2200 6TH Ave, Ste 835
Seattle, WA 98121
(206) 522-0618

5.1   Boeing discriminated against Plaintiff and failed to accommodate Plaintiff by removing Plaintiff from the dispatch position and failing to place Plaintiff in a new position within Boeing.

5.2   Boeing failed to engage in the interactive process in good faith.

5.3   Boeing failed to accommodate Plaintiff by placing Plaintiff in a position at Boeing after he was medically laid off.

## VI.  RELIEF REQUESTED

6.1   Plaintiff requests this court to award general and special damages, including damages for emotional distress, back pay, in amounts to be proven at trial, with interest accruing thereon. RCW 49.60.030; 42 U.S.C. §12117, and 42 U.S.C. 2000e et seq.

6.2   Plaintiff seeks injunctive relief as may be appropriate, including reinstatement, or front pay in lieu of reinstatement;

6.3   Plaintiff seeks punitive damages pursuant to 42 U.S.C. §12117, and 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981(a)(2).

6.4   Plaintiff seeks reasonable attorney's fees and costs, including expert witness fees, whether statutory or equitable, to be assessed herein, as provided by in RCW 49.60.030, 42 U.S.C. §12117, and 42 U.S.C. §2000e et seq.

6.5   Plaintiff seeks such further and additional equitable and legal relief as the court deems just and equitable.

COMPLAINT- 5

BEAN LAW GROUP
2200 6TH Ave, Ste 835
Seattle, WA 98121
(206) 522-0618

DATED: this _9th_ day of September, 2016:

                                    BEAN LAW GROUP


                                    _____
                                    Matthew J. Bean
                                    WSBA No. 23221
                                    Attorney for Plaintiff

COMPLAINT- 6

                                    BEAN LAW GROUP
                                    2200 6TH Ave, Ste 835
                                    Seattle, WA 98121
                                    (206) 522-0618